IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO: 5:20-CV-00446-M

| | |
|---|---|
| JUDSON WITHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JUDGE TERRANCE BOYLE, ) | ORDER |
| DEC NEW YORK STATE, ) | |
| STATE OF NEW YORK, ) | |
| GOVERNOR ANDREW CUOMO, ) | |
| BASIL SEGGOS, DEC Commissioner, ) | |
| UNKNOWN JOHN AND JANE DOE AGENTS ) | |
| AND EMPLOYEES OF NEW YORK STATE, ) | |
| WARREN COUNTY NEW YORK, ) | |
| THE LAKE GEORGE COMMISSION, ) | |
| NEW YORK STATE CONSERVATION COM, ) | |
| STATE OF VERMONT, ) | |
| ) | |
| Defendants. ) | |

Before the Court is a Memorandum and Recommendation ("M&R") issued by Magistrate Judge Kimberly Swank on September 30, 2020 (DE 8), Plaintiff's Motion to Consolidate (DE 7), and two applications by Plaintiff to proceed *in forma pauperis* (DE 5, 14). In the M&R, Judge Swank recommends that this Court correct an apparent filing error by ordering that the filings in this action be filed in Witham v. United States Government, No. 5:20-CV-00385 (E.D.N.C. filed July 16, 2020); the Plaintiff's motion to consolidate be dismissed as moot; and this action be closed. *See id.* at 3. Plaintiff has filed two objections to the M&R, the first of which was timely, protesting the "dismissal" of "any of [his] cases." DE 11, 18.

The Fourth Circuit instructs:

> The Federal Magistrates Act requires a district court to make a de novo

> determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made. By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks, brackets, emphases, and citations omitted); *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

In light of the objections filed by the Plaintiff, the Court must conduct a de novo review of Judge Swank's recommendation to close this case. On September 23, 2020, Plaintiff filed a motion to consolidate this case with an earlier filed case, 5:20-CV-000385-M[1], stating: "The IFP Disclosures and Cover Sheet for 5:20-CV-385-BR was originally filed and I have NO idea how cause 5:20-CV-00446 was ever created." Mot. at 1, DE 7. Plaintiff requests that his "Last IFP Applications and Last Cover Sheet and Last Statement of Pro Se Representation [be] consolidated with 5:20-CV-00446-M as I have filed these materials in good faith PREVIOUSLY and did NOT request I be excused from doing so." *Id.* at 4. Plaintiff concludes that "[c]onsolidating the two cases should be allowed." *Id.*

Judge Swank reviewed Plaintiff's motion noting, "Plaintiff indicates that he did not intend to file two separate actions. He states that, through no fault of his, the court mistakenly separated his filings into two separate actions and requests that the court consolidate the two civil matters." M&R at 2, DE 8. Based on Plaintiff's statements, Judge Swank recommended that, rather than consolidating the cases, the Court correct the filing error by filing all documents from this case in the earlier-filed case and close this case. *Id.* at 3.

---

[1] An identical motion was filed in 5:20-CV-00385-M at DE 5.

2

This Court notes that Plaintiff's filing, on its face, of a "Complaint for Denial of Due Process/Equal Protection of the Laws" on August 19, 2020 appears to be an attempt to open a new case. *See* DE 1. However, in the document, Plaintiff asserts in paragraphs 1 and 4 that he "already" filed a "cover sheet, IFP motion and financial statement for IFP filing with US District Court in Raleigh on July 12, 2020." *Id.* at 2. The Complaint, civil cover sheet, and application for leave to proceed *in forma pauperis* in 5:20-CV-00385-M were filed on July 12, 2020. Although the content is somewhat vague, it appears that the "complaint" filed in this case may be liberally construed as a supplemental pleading pursuant to Fed. R. Civ. P. 15(d).

Plaintiff does not object to Judge Swank's recommendation to "fix" the filing error but, rather, he objects to any "dismissal" of his "cases." The Court construes Plaintiff's objection as a misunderstanding of the recommendation to close this case and, thus, will overrule it. No matter will be dismissed with the adoption of Judge Swank's recommendation; instead, all issues raised in the earlier filed case and this case will be adjudicated in 5:20-CV-00385-M.

To assure that all filings in this case will be properly considered in 5:20-CV-00385-M, the Court deems all documents filed in this case to be filed in 5:20-CV-00385-M. Accordingly, the court ADOPTS the M&R as modified and DIRECTS the Clerk of the Court to include a notation on the docket indicating that all documents filed in this case shall be considered in 5:20-CV-00385-M and to close this case. In addition, the Court DENIES Plaintiff's Motion to Consolidate [DE 7], as well as his Applications to Proceed in District Court without Prepaying Fees or Costs [DE 5, 14], as moot.

SO ORDERED this 8th day of January, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3